IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GARY D. PERKINS,                )
                                )
         Plaintiff,             )
                                )
   v.                           ) C.A. No. 23-1055 (JLH)
                                )
RN WILLIAM NIGWA, et al.,       )
                                )
         Defendants.            )

**MEMORANDUM OPINION**

Gary D. Perkins, James T. Vaughn Correctional Center, Smyrna, Delaware – Pro Se Plaintiff.

May 14, 2024
Wilmington, Delaware

**HALL, U.S. DISTRICT JUDGE:**

## I.   INTRODUCTION

Plaintiff Gary D. Perkins, an inmate confined at James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 3.) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5.) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

## II.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). In January 2022, Plaintiff submitted a sick call form regarding "a problem with [his] buttocks." (D.I. 3 at 5.) Plaintiff describes his symptoms as "internal swelling, itching, painful burning, and discomfort when using the bathroom." (*Id.* at 6.) On January 21, 2022, Plaintiff was seen by Defendant William Nigwa and given hemorrhoidal ointment. The ointment, however, did not work, and Plaintiff submitted another sick call form. On March 29, 2022, he was seen by Defendant Nurse Emilia Adah, who gave him the same ointment. His condition worsened and, in September 2022, he filed a grievance. In response to the grievance, Plaintiff was scheduled for a colonoscopy, which was performed "[b]etween February 2023 – March 2023." (*Id.* at 5.) Following Plaintiff's colonoscopy, the doctor told him that a nurse or doctor at JTVCC would need to schedule an appointment for him to see a "Hemorrhoidal Doctor." (*Id.*)

Plaintiff was not scheduled for such an appointment, and he ultimately filed a grievance. On August 9, 2023, the grievance was returned unresolved. On August 18, 2023, Defendant RN

Natashia Littleton advised Plaintiff that he needed to fill out a medical sick call form and be seen by a nurse before further medical steps could be taken. Accordingly, Plaintiff submitted a medical sick call form. On August 23, 2023, Plaintiff was seen by non-defendant Nurse Francis, who advised Plaintiff that there was nothing he could do. On September 6, 2023, Plaintiff tried the sick call process again and received "only . . . Hemorrhoidal Suppositories," which provided no relief. (*Id.* at 6.)

Plaintiff identifies the following individuals as Defendants: RN William Nigwa, RN Emilia Adah, RN Natashia Littleton, and Sergey Zavilyansky. Plaintiff requests injunctive relief and damages.

### III.   SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The Court must

accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**IV.     DISCUSSION**

To set forth a cognizable Eighth Amendment claim arising from inadequate medical care, a prisoner must allege (1) a serious medical need and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison authorities, however, are "accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and "disagreement as to the proper medical treatment" does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Plaintiff's allegations against the currently named Defendants fail to state a claim for relief. At most, Plaintiff alleges disagreement with their medical decisions.

**V.      CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff will be given leave to file an amended complaint.

Plaintiff's request for appointed counsel (D.I. 12) will be denied without prejudice to renew.

An appropriate Order will be entered.